IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABN AMRO, INCORPORATED )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAPITAL INTERNATIONAL LIMITED, )<br>EIRLES FOUR LIMITED, DEUTSCHE )<br>BANK AKTIENGESELLSCHAFT, SARCO )<br>HOLDINGS and DHANANJAY (Dan) )<br>HAJELA, )<br>)<br>Defendants. ) | No. 04 C 3123<br><br>Magistrate Judge Maria<br>Valdez |

## MEMORANDUM OPINION AND ORDER

Defendant Eirles Four Limited ("Eirles") brings this Motion to Compel Anthony Long to Respond to Deposition Questions [101] relating to settlement discussion between defendant Capital International Limited ("Capital") and plaintiff ABN AMRO Incorporated ("ABN"). The parties have fully briefed the issue and the Court has heard argument on the matter. For the reasons set out below, the Court GRANTS in part and DENIES in part defendant Eirles' motion to compel.

### BACKGROUND

This case involves plaintiff ABN's claim for recission and damages surrounding the issuance and distribution of credit-linked notes know as Series 42 notes. ABN sued a number of defendants, two of which are Eirles and Capital. ABN alleges that defendant Eirles sold the Series 42 notes to defendant Deutsche Bank who then sold them to defendant Capital who then

sold them to ABN. Both Eirles and Capital are foreign entities and have filed motions to dismiss the complaint based on lack of personal jurisdiction. Plaintiff ABN requested leave to engage in jurisdictional discovery. The District Court granted the motion and jurisdictional discovery ensued.

In the course of jurisdictional discovery, ABN served Requests to Admit upon Capital seeking admissions on a purported agency relationship between Capital and other defendants. In responding to the Requests to Admit, Capital denied being a "placement agent" or "distribution agent" for any of the defendants. Subsequently, ABN and Capital had a settlement meeting. ABN and Capital assert in pleadings and at the hearing on this motion that no agreement on any issue was reached with defendant Capital. A few weeks after the settlement negotiations, ABN noticed for deposition Anthony Long, Senior Executive Officer of Capital.

At his deposition Long appeared to contradict Capital's original position denying any agency relationship and apparently conceded that Capital was a distribution agent for defendant Deutsche Bank in the Series 42 transaction at issue. Defendant Eirles sought to question Long on the substance of the settlement discussions. Attorneys for both ABN and Capital objected and instructed Long not to answer. At the deposition, and in pleadings filed with this Court, ABN and Capital argue that settlement discussions are protected from discovery under Federal Rule of Evidence ("Rule") 408.[1]

---

[1] ABN and Capital also argue that defendant Eirles' motion is untimely since jurisdictional discovery ended on July 11, 2005 and Eirles failed to move promptly to compel after the Long deposition of May 19, 2005. They also assert that District Court Judge Filip indicated that no further jurisdictional discovery will be allowed. Federal Rule of Civil Procedure 37, which deals with discovery, provides no deadline for filing of a motion to compel. When a court considers a motion to compel, it must evaluate such factors as timeliness, good cause, utility, and materiality. *Farmer v. Brennan*, 81 F.3d 1444, 1449 (7th Cir. 1996). In response to the untimeliness argument, Eirles counters that attempts to meet and confer on this dispute occurred through December 6, 2005. These attempts were late since most occurred well after jurisdictional discovery closed. However, Eirles is correct that discovery on

2

## *DISCOVERY OF SETTLEMENT NEGOTIATIONS*

Absent a claim of privilege, it is improper for counsel in a deposition to instruct a client not to answer. *Eggleston v. Chicago Journeymen Plumber's Local Union No. 130,* 657 F.2d 890, 902 (7th Cir. 1981). The question is has the Seventh Circuit recognized a "settlement privilege" that would entitle ABN and Capital to instruct Long not to respond to questions about settlement negotiations. ABN and Capital assert that a settlement privilege exists and rely upon the limitations on the admissibility of settlement discussions under Rule 408. There are two problems with this position. First, the Seventh Circuit has declined to recognize a broad "settlement privilege" that would *per se* preclude from discovery settlements or settlement negotiations. *In re General Motors Corp. Engine Interchange Litigation,* 594 F.2d 1106, 1124 n.20 (7th Cir. 1979). Second, Rule 408 addresses the admissibility of settlement negotiations at trial – it is an evidentiary bar, not a discovery bar. Even as an evidentiary matter, Rule 408 is not an absolute ban on all evidence regarding settlement negotiations. The rule permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability, "including bias and impeachment purposes." Fed. R. Evid. 408; *see also Bankcard Am., Inc. v. Universal Bancard Sys., Inc.,* 203 F.3d 477, 484 (7th Cir. 2000).

Thus, ABN and Capital are wrong to assert that Rule 408 provides a basis for a settlement privilege. Although courts have recognized that the purpose of Rule 408 is to encourage settlement of disputes that might be chilled by fear that settlement negotiation could be discoverable, there has also been a recognition that Rule 408 does not foreclose the relevancy of

---

the substantive case itself has not even commenced. In addition, this Court does not read Judge Filip's comments as foreclosing a remedy under this motion. More important, because the application of a settlement privilege may arise in future discovery on this case the Court will address the matter and the motion will not be stricken as untimely.

3

settlement information in the discovery context. *See Information Technologies Int'l. Inc. v. ITI of N. Florida, Inc.*, No. 01 C 4668, 2002 WL 356509, at *1 (N.D. Ill. Mar. 6, 2002); *White v. Kenneth Warren & Son, Ltd.* 203 F.R.D. 364, 368 (N.D. Ill. 2001); *see also McNally Tunneling Corp. v. Evanston*, 00 C 6979, 2001 WL 1246630, at *1 (N.D. Ill. Oct. 18, 2001).

Rather than beginning this analysis on Rule 408, as the Defendants have, the primary focus is on the rule that applies during discovery – Federal Rule of Civil Procedure 26. Rule of Civil Procedure 26(b)(1) provides that: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Relevancy is broadly construed under Rule of Civil Procedure 26. *See Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351-52 (1978). When relevancy is not apparent on the face of the discovery request, courts generally require that the party seeking discovery of the settlement materials has the burden to show that the information is relevant or reasonably calculated to lead to the discovery of admissible evidence. *See Vardon Golf Co. v. BBMG Golf Ltd.,* 156 F.R.D. 641, 650 (N.D. Ill. July 15, 1994) (Requiring party seeking the settlement information to articulate "what kind of information it reasonably expects to find in the documents sought and how this will lead to other admissible evidence").

Defendant Eirles argues that they seek to discover settlement discussions in an attempt to show bias on behalf of Capital. In support of this asserted relevancy, Eirles contends that Capital's initial denials of an agency relationship in its response to the Requests to Admit and Capital's later acknowledgment of such an agency in the deposition (after the settlement

4

negotiation took place) indicate possible collusion between ABN and Capital. Consequently, it is argued that because of the chain of sale of the Series 42 notes, if Capital has an agency relationship with Deutsche Bank, then Eirles (as the initial seller) could be implicated as an agent as well.

A settlement agreement could be relevant to show Capital's motivations for "clarifying" its position on its agency relationship. Defendants themselves acknowledge that courts in our district have found that settlement agreements can be discoverable. *See Information Technologies*, 2002 WL 356509, at * 1; *White*, 203 F.R.D. at 368; *see also Mars Steel Corp. v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987) (holding that settlement agreements are discoverable to show that the settlement may be collusive).

The courts have allowed discovery of settlement agreements because the settlement terms and agreements may be relevant for the purpose of proving the bias or prejudice of a witness under Rule 408. It is a harder question whether settlement negotiations that do not lead to any agreements are discoverable. Eirles has stated that the negotiations are themselves relevant to bias. But, settlement negotiations that do not lead to any *quid pro quo*, may not be probative of bias. Eirles has not demonstrated how the substance of negotiations, in the absence of any settlement, may be relevant to bias. To allow defendant Eirles to discover settlement negotiation information without sufficient justification, particularly in the absence of a settlement actually being reached, could frustrate the policy encouraging confidential settlements and have a chilling effect on a party's willingness to engage in settlement discussions. *Vardon*, 156 F.R.D. at 652; *White*, 203 F.R.D. at 367.

The Court does not know definitively whether any agreement was reached between Capital and ABN prior to the Long deposition because ABN and Capital instructed Long not to answer questions concerning the settlement negotiations (and, presumably, any questions concerning whether any agreements were reached). Under Defendant Eirles' theory of potential bias, it is entitled to discover from Long whether any settlement agreement on any matter was reached and the substance of any such agreement. The parties have stated that Long resides outside of the United States and to have him re-deposed would be costly and time consuming. The Court agrees.

## *CONCLUSION*

Therefore, the Court GRANTS in part and DENIES in part defendant Eirles' Motion to Compel Anthony Long to Respond to Deposition Questions [101] and will allow defendant Eirles to either propound interrogatories or submit deposition upon written questions to Long only as to whether any agreement was reached between ABN and Capital prior to the Long deposition and if so, the substance of the agreement. Defendant Eirles must do so within 14 days of this order.

_____
Hon. Maria Valdez

JAN 3 0 2006
_____
Date